CITY OF AUSTIN v. BROWNING et al.

(Court of Civil Appeals of Texas. Austin. Oct. 23, 1912. Supplemental Opinion. Oct. 30, 1912.)

DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff, a boy of 10, was injured in May by coming in contact with a live electric wire. He was rendered unconscious for a short time from the shock, and was burned in both hands and his shoulder and leg. He remained in the hospital three days, and was discharged from treatment by his physician on August 5th. Plaintiff went to school the following September, and other than the suffering he bore while under the physician's treatment, which at times was considerable, he had apparently recovered. The physician testified that the scars in the left palm would likely remain tender, and that the right arm was smaller than the left occasioned by nonuse during convalescence. The only contention made that the injury was permanent was that the flexibility of the thumb and finger of the left hand was not as great as is was originally. *Held*, that a verdict allowing plaintiff $5,000 was excessive, and should be reduced to $3,000.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by J. F. Browning and others against the City of Austin. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

J. Bouldin Rector, of Austin, for appellant. Sandbo & Shelton and J. B. Robertson, all of Austin, for appellees.

RICE, J. As shown by appellant's brief, this suit was instituted by Guy Browning, a minor 10 years of age, by his next friend, J. F. Browning, and also by J. F. Browning and his wife, the father and mother of said minor, who sued in their own right, against the city of Austin for the recovery of damages for personal injuries to said Guy Browning, occasioned by coming in contact with a live electric wire, which had been broken and was lying across the sidewalk on South Congress avenue in said city. It was alleged that he had been permanently injured on the 12th of May, 1911, by coming in contact with said wire, by which he received injuries from the shock of the electric current, and from severe burns occasioned thereby. The negligence consisted in the alleged failure of the city to repair said bro-

ken wire, or remove it from the sidewalk, and in failing to cut off the current of electricity. Appellant answered by general and special exception, general denial, and a special answer denying its negligence in any respect, and especially alleging that, on the night preceding the day on which the accident occurred, a violent wind and rain storm visited the city, breaking its wires in many places, leaving many live wires, exposing its citizens to great injury, and that it used all of its force in repairing the same as speedily as possible, taking the same in the order in which it had been notified; that it had not been notified of this particular break until the morning of May 12th, at 8 o'clock; and that it used all expedition in repairing the broken wire complained of in this suit. There was a jury trial resulting in a verdict and judgment for G. M. Browning for $5,000, and in favor of his father and mother for $349, of which last amount $49 was remitted by them.

Several errors are assigned complaining of the charge of the court, to all of which we have given careful attention, but are of the opinion that the charge accurately and clearly presents the law arising upon the facts, and is not subject to the criticisms urged, for which reason said assignments are overruled. It is urged, however, and insisted with great plausibility, that the verdict is excessive on the ground that the injuries inflicted were not such as entitled the plaintiffs to the amount recovered. We are inclined to believe that this contention is well taken. While it appears that the boy was for a short time rendered unconscious from the shock, and that he was injured in the palm of his right hand, as well as upon the left hand, shoulder, and leg, still it is questionable whether any permanent injury, such as is contemplated by law, resulted from said wounds. He remained in the hospital only about three days, after which time he was able to go to his home, and was finally discharged from the treatment of the physician about the 5th of August; the injury occurring on the 12th of May. The physician did not visit him at his house after his return from the hospital, but, when necessary to see him, the boy was taken by his father to his office. It seems that the boy resumed his attendance at school the following September, and, so far as the evidence discloses, other than the suffering while under the treatment of the physician, resulting from the injury which at times was considerable, has apparently fully recovered. It is true that the physician testifies that the scars left in the palm of his hand will likely remain tender, and that the right arm is now smaller than the left, occasioned, in his judgment, by its nonuse during the period of his convalescence, during which time it was carried in a sling, still it was not shown that

it will not regain its normal condition by use. It was demonstrated on the trial that he had the full and free use of the fingers of said hand, and that the only contention made that the injury was permanent is that, to some extent, the flexibility of the thumb and little finger is not now, and probably never will be, as great as it was originally. While this, however, may be a matter more or less of conjecture, still, granting that the injury is permanent, yet it is so slight that we are of opinion that the verdict is excessive in this regard, for which reason we think that a judgment in the sum of $3,000 would have been amply sufficient to compensate him for the pain and injuries sustained. This error is not cause for reversal, however, but simply requires us to indicate to plaintiff that the verdict is excessive and the amount of such excess; suggesting that, if a remittitur thereof is made, the judgment will be affirmed, otherwise reversed. Article 1631, Rev. Stat. of 1911.

In accordance with said article, we therefore now suggest that, in our judgment, the verdict is excessive in the amount of $2,000, and that, unless plaintiff or his attorneys of record shall, within 10 days from this date, enter a remittitur of said amount, said judgment will be reversed and remanded, otherwise the same will be so reformed and affirmed as to give plaintiff judgment for the sum recovered, less $2,000.

#### Supplemental Opinion.

Appellees having filed a remittitur of $2,000, as suggested in the original opinion, the judgment of the trial court for $5,000 in behalf of G. M. Browning will be so reformed as to give judgment in his behalf for the sum of $3,000, and, as so reformed, will be affirmed.

Reformed and affirmed.